# EXHIBIT 1

NAREG S. KITSINIAN, SBN 236732
**KITSINIAN LAW FIRM**
6739 Odessa Ave.,
Van Nuys, CA 91406
Phone: (818) 786-5777
Fax: (818) 786-5778
Email: Info@Kitsinianlaw.com
Attorneys For: Plaintiff Nayiri Kouyoumdjian

SHANT H. HAGOPIAN, SBN 291707
**HAGOPIAN LAW FIRM**
15760 Ventura Blvd., Suite 700
Encino, California 91436
Phone: (818) 860-1361
Fax: (818) 860-1362
Email: Shant@HagopianLawFirm.com
Attorney For: Plaintiff Nayiri Kouyoumdjian

FILED
Superior Court Of California
County Of Los Angeles

DEC 13 2018

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Cristina Grijalva

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

NAYIRI KOUYOUMDJIAN, an Individual;

    Plaintiff,

vs.

TARGET CORPORATION, a Minnesota Corporation; and DOES 1 through 50, Inclusive.

    Defendants.

CASE NO.: 18STCV08300

**COMPLAINT FOR DAMAGES**
1. **NEGLIGENCE**
2. **PREMISES LIABILITY**

**DEMAND FOR JURY TRIAL**

Plaintiff NAYIRI KOUYOUMDJIAN (hereinafter referred to as "Kouyoumdjian" or "Plaintiff") hereby complains and alleges as follows:

### THE PARTIES

1. Kouyoumdjian is and was at all times relevant herein an individual and a citizen of California who resides in the County of Los Angeles.

---

**COMPLAINT FOR DAMAGES**

2. Defendant Target Corporation (hereinafter "Defendant") is a Minnesota Corporation that markets and operates a number of retail stores in the State of California, open to the general public.

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 THROUGH 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and caused the damages to Plaintiff hereinafter alleged.

4. At all times herein mentioned, Defendant and DOES 1 THROUGH 50, inclusive, (hereinafter "Defendants") were the agents and/or employees of each of the remaining Defendants, and in such capacity were responsible for Plaintiff's damages.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter because Defendants actively and systematically conducts business in the state of California. Additionally, Plaintiff is a resident of the State of California.

6. Venue is proper in the County of Los Angeles pursuant to Section 395(a) of the *Code of Civil Procedure*. Defendants are systematically doing business in the County of Los Angeles and Kouyoumdjian's injuries as alleged herein, occurred at Defendants' premises within the County of Los Angeles.

## GENERAL ALLEGATIONS

7. At all times relevant herein, Defendants owned, operated, maintained, and controlled a Target retail store located at 11133 Balboa Blvd., Granada Hills, CA 91344 (hereinafter the "Premises").

8. On or around September 13, 2018, Kouyoumdjian was shopping at the Premises during Defendants' normal business hours.

9. While Kouyoumdjian was at the premises, there existed a dangerous condition of a wet and slippery floor near the pharmacy.

///

10. As Kouyoumdjian was in the premises, and unbeknownst to the dangerous condition, Plaintiff violently slipped and fell on a wet floor as she was navigating the Premises.

11. There were no cones, signs, or otherwise any warning of the dangerous condition of the wet floor on the premises.

12. As owners, operators, designers, and/or builders of the Premises, Defendants had a duty to and act reasonably in the maintenance and operation of the Premises or warn of the existing dangerous condition.

13. Defendants, as the owners, operators, designers, and/or builders of the Premises were negligent in that, among other things, they failed to exercise due care in ownership, construction, operation, control, and maintenance of the Premises to ensure that visitors and patrons were not subject to any unreasonable risk of harm when on the Premises.

14. Kouyoumdjian is informed believes and thereon alleges that Defendants had prior knowledge of the dangerous condition of the slippery floor on the Premises or that reasonable diligence and maintenance of the Premises should have discovered the dangerous condition, but failed to warn Kouyoumdjian of said condition or take reasonable measures to remedy the condition.

15. As a direct and proximate result of Defendants' negligence and carelessness for the maintenance, supervision, management, and control of the Premises, Kouyoumdjian was hurt and injured in her health, strength, and activity; suffering injury to her body including her back, knee and face requiring extensive and invasive medical treatment.

16. As a further direct and proximate result of Defendants' negligence and carelessness of the maintenance, supervision, management, and control of the Premises, Kouyoumdjian has suffered additional economic and non-economic damages according to proof.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### (By Plaintiff against all Defendants)

17. Plaintiff alleges and incorporates by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this Complaint.

18. At all times herein mentioned, Defendants operated, managed, maintained, and controlled Premises.

19. Defendants owed Kouyoumdjian and other similarly situated persons a duty to conduct their business activities, including maintenance, design, management and use of the Premises, in a reasonably safe manner so as not to cause injury to others. Further, Defendants owed Kouyoumdjian and other similarly situated persons a duty to train and supervise their employees and contractors to conduct themselves in a reasonably safe manner so as not to injure others. Defendants were under an obligation to maintain the Premises in a safe condition for the use of visitors and patrons, including Kouyoumdjian.

20. Defendants also had a duty to warn visitors and patrons of hazards and/or dangerous conditions on the Premises that were either known to them or through the use of reasonable care and diligence should have been known to them.

21. Defendants breached the aforementioned duties when they so negligently and carelessly, maintained, inspected, repaired, and failed to warn of the dangerous condition on the Premises, including but not limited to the unsafe condition of a slippery wet floor imposing a danger to the natural flow of pedestrians on the Premises, so that it created an unreasonable risk of harm to Kouyoumdjian and other similarly situated visitors and tenants.

22. Defendants, in breach of the aforementioned duties and their failure to use reasonable care in the maintenance, management, control and use of the Premises were substantial factors in causing Kouyoumdjian to sustain the injuries herein alleged.

23. As a direct and proximate result of the negligence of Defendants, Kouyoumdjian was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to knee, face, and back, all of which injuries have caused and continue to cause Kouyoumdjian great mental and physical pain.

24. As a further direct and proximate result Defendants' negligence plaintiff has and will continue to incur medical and other related expenses in an amount according to proof.

25. As a further direct and proximate result of Defendants' negligence, Kouyoumdjian has suffered pain, suffering, loss of enjoyment of life and other general damages according to proof.

## SECOND CAUSE OF ACTION

## PREMISES LIABILITY

### (By Plaintiff against all Defendants)

26. Plaintiff realleges and incorporates by reference as though fully set forth at length each and every allegation contained in the preceding paragraphs of this Complaint.

27. At all times herein mentioned, Defendants owned, operated, managed, maintained, and controlled the Premises.

28. Defendants negligently maintained, managed and/or controlled the Premises so as to expose persons, including PLAINTIFF, to an unreasonable risk of harm.

29. Defendants in committing their negligent acts and/or omissions with respect to the Premises, should have reasonably foreseen that such acts and/or omissions would expose Kouyoumdjian and similarly situated persons to an unreasonable risk of harm.

30. Defendants knew of the dangerous condition of the Premises, including but not limited to the wet and slippery floor and/or would have discovered the dangerous condition on the Premises if Defendants had exercised reasonable care in inspecting and maintaining the Premises.

31. Defendans so negligently and carelessly owned, repaired, controlled, supervised, and/or maintained the Premises so as to cause the Premises to be in a dangerous, defective, hazardous, unsafe condition and location proximately causing damages and injuries to Kouyoumdjian.

32. Defendants as the owners and operators of the PROPERTY as herein alleged, were negligent in that, among other things, they failed to exercise due care in the ownership, construction, operation, management and maintenance of the Premises to ensure that visitors and patrons were not subject to an unreasonable risk of harm while shopping.

33. As a direct and proximate result of the negligence of Defendants, Kouyoumdjian was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her body, among others, her knee, face, and back, all of which injuries have caused and continue to cause Kouyoumdjian great mental and physical pain.

34. As a further direct and proximate result Defendants' negligence plaintiff has and will continue to incur medical and other related expenses in an amount according to proof.

35. As a further direct and proximate result of Defendants' negligence, Kouyoumdjian has suffered pain, suffering, loss of enjoyment of life and other general damages according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general damages in a sum according to proof;
2. For special damages for medical and related expenses according to proof;
3. For costs of suit herein incurred; and
5. For such other and further relief as the court may deem proper.

DATED: December 6, 2018                KITSINIAN LAW FIRM

BY: _____
Nareg S. Kitsinian
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for each and every cause of action and triable issue in this case.

DATED: December 6, 2018                KITSINIAN LAW FIRM

BY: _____
Nareg S. Kitsinian
Attorneys for Plaintiff